## KLINE v. MANN *et al.*

**Pleading:** VENDOR AND VENDEE : TRESPASS.   In an action by a vendee against his vendor, to recover for timber taken from the land by the latter after a verbal contract of purchase and the payment of a small sum by the vendee thereon, but before the deed was executed, and before the vendee had taken possession of the land, the peitition claimed a certain sum, and, for cause, stated, "that defendant, on. etc., caused to be cut and carried away a number of valuable trees, standing and growing upon the land of plaintiff (describing it), of the value, etc., wherefore plaintiff claims judgment," etc. *Held*,

    1  That the action was not in form an action of trespass, in which the plaintiff must show title or possession at the time the timber was taken.

    2. That under the petition the plaintiff might show a promise, on the part of defendant, to pay for the timber ; that evidence of this, with the other facts of the case, was proper to go to the jury ; and that it was error to withdraw the same from their consideration. WIILLIAM, J., *dissenting*.

*Appeal from   General   Term,   Eighth   District (Jones County.)*

THURSDAY, JUNE 16.

For the facts see the opinion.

*Sheean & McCarn* for the appellant.

*Geo. W. Field* for the appellee.

WRIGHT, J.—The petition claims three hundred dollars, for that defendant, on, etc., " caused to be cut and carried away a number of valuable trees, standing and growing on the land of plaintiff, to wit: the E. ½, etc., of the value, etc. ; plaintiff therefore claims judgment, etc."

The answer denies the ownership of the land, the cutting and carrying away of the trees, and the value, as alleged.

The testimony tended to show that the land was purchased by plaintiff of one of the defendants ; that the contract was verbal, and a part of the consideration then paid ; that a bond for a deed was to be executed when an additional sum was paid ; that this amount was paid and the bond made, and subsequently a deed executed, as contemplated by the verbal contract and the subsequent bond.   This timber was cut between the time of the verbal contract and the second payment, the defendant, in the meantime, remaining in the possession of improved land adjoining, but no one was in the actual possession of the tract sold, it being entirely unimproved.   When the bond was made defendant admitted the cutting aforesaid, and said he would make it all right.

The circuit court held, in substance, that this was in form an action of trespass, and that as plaintiff had neither the possession nor title, at the time the timber was cut, he could not recover in this action.   The jury accordingly found for defendants.   This ruling was affirmed by the general term, and plaintiff appeals.

We only hold, that according to the language of the petition, this was not necessarily *in form* an action of trespass.   There is no charge that defendants broke the

Kline v. Mann.

close, nor that they used force or violence. The pleader simply states the facts. This was his duty, and more was not required. It was not necessary to declare in trespass, nor as in an action *ex contractu.* If there was a want of necessary definiteness or particularity, defendants had their remedy by motion for a more specific statement. As the testimony tended to show that the timber was cut and removed, and that defendants (or one of them) promised to pay for the same, the jury should have been left to determine the effect or weight thereof, and it was error to withdraw the same from their consideration. If there was a promise to pay, plaintiff could maintain the action, though he was not in possession at the time of the injury, and though he did not obtain a complete title until afterward. This is scarcely denied under a proper petition. In our opinion this might have been done under this petition, and the judgment of the general term, affirming that of the circuit court, is therefore reversed, and the cause remanded for trial *de novo.*

Reversed.

WILLIAMS, J. (dissenting).—It is a well settled rule of pleading under our system, that "every fact, which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly stated or averred." Note to § 2872 of Rev. If it was necessary for plaintiff to prove the promise of defendant to pay for the timber, if was necessary for plaintiff to aver the promise.

The legal title and the implied possession of the land sold was in defendant, and the mere payment of twenty dollars on the purchase of the tract of land, without further averments, is not sufficient to enable the purchaser to maintain a suit for cutting timber on the land.